Caruthers, J.,
delivered the opinion of the Court.
*541 This is a' bill to enforce the mechanics’ lien upon a leasehold estate, in a lot in Nashville. Lowe and wife leased to Lanier a lot, for ten years,, on Market street, in Nashville, commencing July 1, 1857. Lanier was to build a house on the lot worth $7,000, and. pay $500 a year rent. He employed complainants to build the house, which they did. In June, 1858, he leased the lot to Noel & Co., for three years, to commence November 1, 1858. On the 8th of July, 1859, he conveyed his remaining interest in the lease to Fisher, in- trust, to secure certain creditors. - This bill was filed within twelve months after tlie completion of the work.
The question is, can Lanier’s interest be subjected to the debt of complainants, under the bill?
The Chancellor was of the opinion, and so decreed, that the Statutes giving the mechanics’ lien did not apply to such a case, but only to owners of the fee for whom improvements were made,' under .“special contracts” with such owners.
We have held, in the construction of these Statutes, that the words “special contract” mean nothing more than an employment and undertaking to do the work, and that the manifest intention of the Legislature, to secure and protect the laborer in his wages, and thereby to promote and encourage improvements, should not be defeated by a too rigid construction of the language employed: Barnes vs. Thompson, 2 Swan, 315. Such being the object of the Act, and the policy on which it is based, a liberal construction should be placed upon it, to carry out the purpose intended.
By the Code, sec. 1981, a lien is given upon any “lot of ground, or tract of land, upon which a house *542 has been constructed, built, or repaired, * * * * * * * by special contract with the owner, or his agent, in favor of the mechanic or undertaker,” &c.-
The difficulty now presented, arises upon the meaning of the word “owner.” The lien is given when the building or repairing is done under a contract with the “owner, or his agent.” The argument is, that a lessee is not 'owner, and for that reason the Act does not apply. Bouvier says, “the owner is he who has dominion of a thing,” Ac.: 2 Law Dic., 276.
A tenant for years, has as complete dominion for use' and enjoyment over the land leased, during his term, as has a tenant in fee. The estate is divided into term and reversion, and so is the ownership of the thing. The lessee is owner of the term as much as the tenant in fee is of the reversion. What reason can- there be against imposing upon the owner of a term the same responsibilities for improvements made for him, that would be incurred by the owner of the fee in a like case?
If the strict construction contended for, is correct, then a tenant for ninety-nine years, or even nine hundred and ninety-nine, will be exempt from the lien of the mechanic, for the most splendid and costly improvements, because' he was not “owner.”
This doctrine would very .much arrest the progress of improvements, and check the spirit óf enterprise in cities, as there is nothing more common than to grant leases for long terms, for the express purpose of the erection of houses for dwellings, or the business of tradesmen, to be paid for by the use of the property. This mode of extending and improving cities • would be *543 seriously obstructed by the construction contended for, by which mechanics and material men would be denied the benefit of a lien upon their work, as well as the term, for compensation.
These considerations would seem .to require that, a broader meaning should be given to the word “owner,” if. it be susceptible of it by. fair interpretation. It is not a technical word, so as to be tied up to any fixed and definite legal import. The same word, used in an English Statute, was construed, in the case of Lester vs. Lobby, 36 Eng. Com. L. R., 641-4, to apply as well to a term as a fee. Both were held to be embraced by the word owner.
We are satisfied, for these considerations, that the complainants have a lien upon the improvements and lot, in this case, for the price of their work and materials, and are entitled to sell the same, for the satisfaction of their claim, for the full term' of the lease of Lanier. This lien must prevail over the trust deed to Smith, made by Lanier.
But, it is conceded, that the right of his sub-lessees, Noel & Co., for three years, is exempt, because it was made before the- improvements, and was known to the undertakers. This being admitted, we do not examine that question.
We do not consider, either, the other question made by complainants, as to the existence of the lien, upon the ground that the lessee should be considered the agent of the owner in fee, in the language of the Act, in the erection of the buildings, as that was provided for in the lease, and was, indeed, the object for which it was made. This position might be well worth exam *544 ination, if it were necessary; but, as we understand the value of the term is amply sufficient to satisfy the claim of complainants, it is now unnecessary.
Let the decree of the Chancellor be reversed, and the proper decree entered here.